1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,

12                Plaintiff,                          No. 2:24-cr-00186-TLN

13

14        v.                                          **ORDER**

15   MATTHEW LOUIS COLLINS,

16                Defendant.

17

18          This matter is before the Court on Defendant Matthew Louis Collins's ("Defendant")

19   Motion for Early Termination of Supervised Release.  (ECF No. 3.)  The Government filed an

20   opposition.[1]  (ECF No. 6.)  Defendant filed a reply.  (ECF No. 7.)  For the reasons set forth

21   below, the Court DENIES Defendant's motion.

22   ///

23   ///

24   ///

25   _____

26   [1]      The Court notes that the Government's brief states, "[t]he United States has reviewed the
     defendant's motion and has no opposition to this Court terminating the defendant's supervised
27   release early."  (ECF No. 6 at 2.)  However, considering the Government's subsequent arguments
     and request that Defendant's motion be denied (*id.* at 5–7), the Court understands the
28   Government to be opposing Defendant's motion.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 1, 2013, Defendant pleaded guilty in the District of Oregon to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  *United States v. Matthew Louis Collins*, No. 6:13-cr-00344-MC (D. Or. Aug. 2, 2013), ECF No. 9.  On November 12, 2013, Defendant was sentenced to a 140-month term of imprisonment to be followed by a five-year term of supervised release.  (ECF No. 2 at 4–5.)[2] Defendant began supervised release on May 16, 2023.  (ECF No. 1.)  As of the day of this Order, Defendant has served slightly less than half of his five-year term of supervised release.  (*Id.*)

On June 3, 2024, Defendant's supervision and case jurisdiction were transferred to the Eastern District of California.  (*Id.*)  On June 9, 2025, Defendant filed a motion for early termination of supervised release in the District of Oregon.  *Collins*, No. 6:13-r-00344-MC (D. Or. June 9, 2025), ECF No. 77.  That request was denied, and Defendant was notified he needed to file the motion in the district of his supervision.  *Id.* at ECF No. 78.  On July 16, 2025, Defendant filed the instant motion for early termination of supervised release.  (ECF No. 3.)

## II.    STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *Id.* (quoting 18 U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

## III.    ANALYSIS

Defendant requests early termination of supervised release based on his exceptional conduct while incarcerated and on supervised release.  (ECF No. 3 at 2–3.)  Since his release, Defendant has worked to reintegrate himself with his family and community.  (*Id.*)  Defendant

---

[2]    Unless otherwise noted, citations to ECF documents correspond to the docket in the above-captioned matter, *United States v. Collins*, No. 2:20-cr-00186-TLN (E.D. Cal.).

1    received his Commercial Driver's License and obtained gainful employment delivering material

2    to construction sites.  (*Id.* at 2.)  Defendant successfully completed the Residential Drug and

3    Alcohol Program and aftercare and enrolled in community college with the assistance of Project

4    Rebound.  (*Id.*)  Defendant provides letters of support from his family, friends, and church

5    members attesting to his rehabilitation and contributions to his community.  (*Id.* at 9–16.)

6    Defendant states that he had a relapse with drug use over a year ago.  (*Id.* at 3.)  He maintains that

7    he did not submit a dirty urine analysis, was forthcoming to his supervising agent, and

8    immediately sought help from his support group following two days of relapse.  (*Id.*)  The

9    incident did not result in a violation of probation, but Probation increased the frequency of his

10   urine analysis drug screening.  (*Id.*)  Defendant did not submit a dirty urine analysis during this

11   enhanced supervision.  (*Id.*)

12          In opposition, the Government argues early termination of supervised release is not

13   warranted due to Defendant's "career offender" status, his history of substance abuse and relapse,

14   and his criminal record.  (ECF No. 6 at 5.)  The Government asserts that while Probation does not

15   take a position on the instant motion, Probation visited Defendant's house in 2024, observed him

16   to appear under the influence of a substance, conducted a search of the residence, and increased

17   drug testing thereafter.  (*Id.*)  The Government argues that continued structure, support, and

18   oversight by the Court through Probation will provide Defendant resources and support in his

19   recovery from substance abuse.  (*Id.*)  Referencing the Judicial Conference's policy

20   recommending early termination after 18 months for persons who meet certain criteria, the

21   Government also highlights Defendant's designation as a career offender and prior convictions

22   for first degree burglary and drug trafficking.[3]  (*Id.* (citing Guide to Judiciary Policy, vol. 8, part

23   E, § 360.20(c) (2018).)

24          In reply, Defendant argues that due to intervening changes in the law, he does not qualify

25   as a career offender.  (ECF No. 7 at 2.)  Defendant claims his prior burglary conviction pursuant

26

27   [3]       The Government's opposition contains a description of past criminal history that appears
     to belong to a defendant in a separate, unrelated case.  (*See* ECF No. 6 at 6–7; *cf. United States v.*
     *Rafael Gonzalez*, No. 2:20-cr-00232-TLN (E.D. Cal. May 4, 2023), ECF No. 5 at 5–6.)  The

28   Court disregards this portion of the Government's brief as irrelevant.

1  to Or. Rev. Stat. § 164.225 and drug conviction pursuant to Or. Rev. Stat. § 475.991(1)(a) no

2  longer qualify as predicate offenses for a career offender enhancement, citing the Ninth Circuit's

3  rulings in *United States v. Cisneros*, 826 F.3d 1190 (9th Cir. 2016) and *Sandoval v. Yates*, 847

4  F.3d 697 (9th Cir. 2017).  (*Id.* at 2–3.)  Defendant argues that his original 140-month sentence

5  was therefore greater than it should have been because it was based on a career offender

6  enhancement that would not be applicable today.  (*Id.* at 3.)  Defendant submits that his conduct

7  while incarcerated and following his release shows he meets all factors considered for early

8  termination of supervised release.  (*Id.* at 4.)  Defendant's reply also notes several factual

9  inaccuracies in the Government's brief.  (*Id.* at 1–2.)

10      As a preliminary matter, the Court is unable to reevaluate Defendant's underlying

11  sentence or his designation as a career offender through a motion for early termination of

12  supervised release.  The Court's decision on whether to terminate Defendant's supervised release

13  is governed by 18 U.S.C. § 3583(e), which provides that a court may modify or revoke the

14  conditions of supervised release after considering the factors set forth in 18 U.S.C. § 3553(a).

15  *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020).  These factors "include the nature and

16  circumstances of the offense, the need for deterrence, the need to protect the public, the need to

17  provide defendant with training or medical care, and the relevant provisions of the Sentencing

18  Guidelines." *Id.* (citing *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2022)).  The Ninth

19  Circuit has made clear that "[t]he validity of the underlying conviction is not one of the factors to

20  be considered." *Id.*  Nor is the validity of the underlying sentence.  *Id.* at 1058-59 (collecting

21  cases applying the same reasoning to collateral challenges of convictions and sentences).  Instead,

22  the proper vehicle for attacking a conviction or sentence is through a proceeding under 28 U.S.C.

23  § 2255.  *Id.*  The Court thus will not consider Defendant's argument challenging his designation

24  as a career offender or the sentence that followed.[4]

25      Turning to the merits of Defendant's motion, the Court finds that early termination of

26  ─────────────────────────────

27  [4]      Without opining on the merits of Defendant's argument, the Court notes that *Cisneros*, 826 F.3d 1190, was expressly overruled by *Mendoza-Garcia v. Garland*, 36 F.4th 989, 994–95, 998 (9th Cir. 2022), which held that Oregon's first-degree burglary statute, Or. Rev. Stat. §

28  164.225, qualifies as an aggravated felony.

4

1  supervised release is not warranted at this time.  The Court commends Defendant on the positive

2  steps he has taken since his release.  However, considering the referenced subset of § 3553(a)

3  factors, specifically the nature and circumstances of the offense, history and characteristics of

4  Defendant, and need for adequate deterrence, early termination of supervised release is not

5  justified.  Of particular concern here is the fact that Defendant did have a relapse with drug use

6  last year.  (ECF No. 3 at 3; ECF No. 6 at 5.)  While the Court appreciates that Defendant was

7  forthcoming about the relapse with his supervising agent and sought help from his support group,

8  the Court ultimately agrees with the Government that the continued structure, support and

9  oversight provided through Probation will aid Defendant in his recovery from substance abuse

10  and ensure that any relapse or future criminal activity do not occur.

11      **IV.**    **CONCLUSION**

12          For the foregoing reasons, Defendant's Motion for Early Termination of Supervised

13  Release is hereby DENIED.  (ECF No. 3.)

14          IT IS SO ORDERED.

15  Date: August 6, 2025

16

17  _____
        TROY L. NUNLEY

18          CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28